**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**RICHARD WOODBURY**,

Plaintiff,

v. Case No: 8:26-cv-2558-WFJ-AAS

**ZWICKER & ASSOCIATES P.C.**,

Defendant.
_______________________________________/

**ORDER**

Before the Court is *pro se* Plaintiff Richard Woodbury's Motion to Proceed *in forma pauperis*. Dkt. 2. United States Magistrate Judge Amanda A. Sansone has issued a report and recommendation that Plaintiff's Motion be denied and Amended Complaint, Dkt. 4, be dismissed without prejudice. Dkt. 5. Plaintiff has filed a timely objection to the Report and Recommendation. Dkt. 8.

"[I]n determining whether to accept, reject, or modify the magistrate's report and recommendations, the district court has the duty to conduct a careful and complete review." *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (citation omitted); see 28 U.S.C. § 636(b)(1). If a party objects to a report and recommendation, the district court must "make a de novo determination of those portions of the [report and recommendation] to which an objection is made." 28 U.S.C. § 636(b)(1)(C). However, if no such objections are filed, the district court

reviews the factual findings of the report and recommendation for "clear error," but reviews its legal conclusions de novo. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006); *see also Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019) (citing *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994)).

Plaintiff claims that he has "identified several significant and questionable findings and or error(s) that are contrary to law" in the Report and Recommendation. Dkt. 8 at 1–2. The Court disagrees.

The Magistrate Judge correctly found that Plaintiff's Amended Complaint constitutes an impermissible "shotgun" pleading in violation of Rule 10(b). Dkt. 5 at 2–4. Plaintiff's Amended Complaint includes multiple counts adopting the allegations of all preceding counts and conclusory allegations not obviously connected to any particular cause of action. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322–23 (11th Cir. 2015). The Magistrate Judge also correctly found that Plaintiff fails to state a claim upon which relief can be granted. Dkt. 5 at 4–5. Plaintiff's Amended Complaint does not sufficiently allege that the conduct of Defendant[1], a private party, is fairly attributable to the state. *See Am.*

---

[1] The Court notes that while Plaintiff's objection repeatedly mentions Victor D. Chris [sic], in his official capacity as Hillsborough County's Clerk of the Circuit Court and Comptroller, as a second defendant, Dkt. 8, his Amended Complaint is entirely devoid of any mention of Clerk Crist, Dkt. 5.

*Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("The under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (citation modified).

As such, having performed an independent review of the file, and for the sound reasons explained in the Report and Recommendation, it is hereby **ORDERED** and **ADJUDGED** that:

1. The Report and Recommendation, Dkt. 5, is **ADOPTED, CONFIRMED,** and **APPROVED** in all respects and made a part of this order.
2. Plaintiff's Motion to Proceed *in forma pauperis*, Dkt. 2, is **DENIED** without prejudice.
3. Plaintiff's Amended Complaint, Dkt. 4, is **DISMISSED** without prejudice.
4. Plaintiff has **twenty-one (21) days** from the date of this Order to file a second amended complaint addressing the problems with his Amended Complaint, and either pay the filing fee, or file an amended motion to proceed *in forma pauperis*. If Plaintiff fails to do so, the Court will dismiss the case without further notice.

**DONE AND ORDERED** at Tampa, Florida, on November 18, 2026.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Plaintiff, *pro se*